UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
GRAND RAPIDS DIVISION

JILL CARUSO, Individually,

   Plaintiff,

v.

NCR HOSPITALITY, INC., a Michigan corporation,

And

KARUNA SAGAR KRUPA, LLC, a Michigan limited liability company

   Defendant.
_____/

Case No. 1:16-cv-794

## AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, JILL CARUSO, Individually, (sometimes referred to as "Plaintiff" or "Plaintiffs"), hereby sues the Defendants, NCR HOSPITALITY, INC., a Michigan corporation and KARUNA SAGAR KRUPA, LLC., a Michigan limited liability company for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

### PARTIES

1. Plaintiff, JILL CARUSO, is an individual residing in Monroe, MI, in the County of Monroe.

2. Upon information and belief, Defendant NCR HOSPITALITY, INC. owned property commonly known as Best Western Executive Inn & Suites, located at 2725 Buchanan Ave SW, Wyoming, MI 49548 in Kent County during a portion of the relevant dates when Plaintiff visited the property.

3. Defendant KARUNA SAGAR KRUPA, LLC. owns the property commonly known as Best Western Executive Inn & Suites, located at 2725 Buchanan Ave SW, Wyoming, MI 49548 in Kent County presently. Plaintiff represents that public records reflect a sale date of March 24, 2016.

## JURISDICTION AND VENUE

4. Count I is brought pursuant to the laws of the United States, therefore the Court has jurisdiction pursuant to 28 U.S.C. §1331. Count II utilizes the same core of operative fact, and is therefore subject to supplemental jurisdiction pursuant to 28 U.S.C. §1367.

5. Venue is properly located in the Western District of Michigan because venue lies in the judicial district of the property situs. The Defendants' property and business is located in and do business within this judicial district.

6. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

7. Plaintiff, JILL CARUSO is a Michigan resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff uses a wheelchair for mobility. As such, she is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto. JILL CARUSO has visited and been an overnight guest at the property which forms the basis of this lawsuit on March 1-3, 2013 and in February 19-20, 2016 and plans to return to the property to avail herself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered her safety.

8. Plaintiff Jill Caruso travels to the Grand Rapids, MI area several times annually as a result of her active involvement in disability advocacy groups and in particular several include spokesperson pageants for promotion of disability rights, public speaking, and disability advocacy fashion shows.

9. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other subsequent visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

10. Defendants own, lease, lease to, or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendants are responsible for complying with the obligations of the ADA. The place of

      public accommodation that the Defendants own, operate, lease or lease to is a hotel known as Best Western Executive Inn & Suites located at 2725 Buchanan Ave SW, Wyoming, MI 49548 in Kent County.

11. JILL CARUSO has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 12 of this complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendants.  JILL CARUSO desires to visit the hotel not only to avail herself of the goods and services available at the property but to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

12. The Defendants have discriminated against the individual Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

13. The Defendants have discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  A preliminary inspection of the hotel has shown that violations exist. These violations include, but are not limited to:

Parking

    A. There are an insufficient number of designated accessible parking spaces, in violation of the ADA whose remedy is readily achievable.

    B. The designated van accessible parking is not identified with compliant signage, in violation of the ADA, whose remedy is readily achievable.

    C. The designated accessible parking signage is not at a compliant height, in violation of the ADA whose remedy is readily achievable.

Accessible Guest Rooms

    D. The hotel contains an insufficient number of designated accessible guestrooms, in violation of the ADA whose remedy is readily achievable.

    E. The designated accessible guestroom entry door contains a peephole and posted information exceeding the allowable height, in violation of the ADA whose remedy is readily achievable.

    F. There are room amenities mounted in excess of accessible reach range, in violation of the ADA whose remedy is readily achievable.

    G. The bathtub faucet controls are not located on the open side of the tub unit, in violation of the ADA whose remedy is readily achievable.

    H. The shower does not contain a handheld shower unit on a hose, in violation of the ADA whose remedy is readily achievable.

    I. The grab bars located in the accessible guestroom bathtub are missing or non-compliant, in violation of the ADA whose remedy is readily achievable.

    J. There is no fixed permanent bathtub seat and no compliant removable shower seat available, in violation of the ADA whose remedy is readily achievable.

    K. The mirror is mounted in excess of the allowable height, in violation of the ADA whose remedy is readily achievable.

    L. The water closet does not have required clear floor space due to an inward-swinging door, in violation of the ADA whose remedy is readily achievable.

    M. The curtain adjuster requires tight-clasping and twisting and is located in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

Lobby Restroom

    N. There is no pipe insulation to protect for scalding or contact, in violation of the ADA whose remedy is readily achievable.

    O. There are amenities mounted in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

Access to Goods and Services

P.    The registration service counter exceeds allowable height and the alternate writing surface is non-compliant, in violation of the ADA whose remedy is readily achievable.

Policies and Procedures

Q.    The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, in violation of the ADA whose remedy is readily achievable.

14. The discriminatory violations described in paragraph 13 are not an exclusive list of the Defendants' ADA violations. Plaintiff requires the inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff, has been denied access to, and has been denied the benefits of services, programs and activities of the Defendants' buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendants' ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

15. Plaintiff restates the allegations of ¶¶1-14 as fi fully rewritten here.

16. The Best Western Executive Inn & Suites, and the businesses therein, are public accommodations and service establishments, and as such must be, but are not, in compliance with the Americans with Disabilities Act ("ADA") and Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

17. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities,

privileges, and advantages of the property and the businesses therein on the basis of her disability, due to Defendants' property failing to be in compliance with Title III of the Americans with Disabilities Act and its accompanying regulations. as prohibited by 42 U.S.C. § 12182, *et seq.,* and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

18. Plaintiff, and others similarly-situated, are without adequate remedy at law and are suffering irreparable harm, and reasonably anticipate that they will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility, including those set forth herein.

19. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendants to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorneys' fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT M.C.L. § 37.1301 et seq.

20. Plaintiff restates the allegations of ¶¶1-19 as fi fully rewritten here.

21. The Best Western Executive Inn & Suites, and the businesses therein, are "place[s] of public accommodation" pursuant to M.C.L §37.1301(a).

22. Defendants committed an unlawful act pursuant to M.C.L §37.1302(a) by denying Plaintiff full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges.

Whereas, on each of Plaintiff Jill Caruso's overnight stays at the Best Western Executive Inn & Suites, she has respectfully requested a guest room with a roll inn shower and has been advised none are available. Being then assigned to a "mobility accessible" bathtub room she has requested she be provided a bathtub seat. In every instance she was also advised there were none available and neither would they obtain one for her use.

23. Pursuant to M.C.L §37.1606, Plaintiff is entitled to compensatory and punitive damages, and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendants to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys' fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and exemplary damages, attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (p66315)
Law Offices of Owen Dunn, Jr.
The Ottawa Hills Shopping Center

                                                    4334 W. Central Ave., Suite 222  
                                                    Toledo, OH 43615  
                                                    (419) 241-9661 – Phone  
                                                    (419) 241-9737 - Facsimile  
                                                    dunnlawoffice@sbcglobal.net